UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CINDY S. TAYMAN, *in her capacity as Trustee of the Tayman Revocable Trust*, ET AL., <br><br> PLAINTIFFS <br><br> V. <br><br> 5 TIDES HOME INSPECTIONS, LLC, ET AL., <br><br> DEFENDANTS | CIVIL NO. 2:19-CV-137-DBH |

**DECISION AND ORDER ON MOTION TO DISMISS**

This is a lawsuit against a home inspector, a home inspection service, a real estate broker agency and two of its brokers. The Massachusetts plaintiffs purchased a house in Raymond, Maine which, they say, had all kinds of serious defects that were not disclosed and that will require expenditure of well over $100,000. They seek damages against all the defendants. Jurisdiction is based on diversity of citizenship.

The home inspector and the home inspection service defendants have moved to dismiss the complaint against them under Fed. R. Civ. P. 12(b)(6) on the basis that the purchasers entered into a contract with them that, through a forum selection clause and a separate venue selection clause, prevents this court from hearing the case against them.

These two defendants ultimately may succeed on their argument if the facts are as they say they are but, at this stage, the record does not permit me to rule in their favor. I therefore **DENY** the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiffs attach to their Complaint what purports to be a contract for home inspection services, Exhibit D. Exhibit D is a badly cobbled-together document. (I hope that no lawyer is responsible for having drafted it.) The first page is entitled "Inspection Agreement" and features the logo of 5 Tides Home Inspections. It begins: "This is an Agreement between you, the undersigned Client, and us, the Inspector, pertaining to our inspection of the Property at: 79 Tarkin Hill Rd Raymond, ME. The terms below govern this Agreement." The "Client" obviously is the plaintiff house purchasers. From all appearances "us, the Inspector" is 5 Tides Home Inspections whose logo is prominently featured at the outset of the Agreement. This part of the document goes on to provide for fees and inspection services. At paragraph 9 it states: "You agree that the exclusive venue for any litigation arising out of this Agreement shall be in the county where we have our principal place of business." Compl. Ex. D at p. 2 (ECF No. 1-4).

After seventeen numbered paragraphs (1 through 17), there appears to be an additional agreement that begins with the statement: "THIS AGREEMENT made this 18th day of May, 2018, by and between David Setchell ('INSPECTOR') and the undersigned ('CLIENT'), collectively referred to herein as 'the parties.' The Parties Understand and Voluntarily Agree as follows[.]" It then provides the same property address and provides for water testing services. It starts the

paragraph numbering sequence anew, and goes on for 12 numbered paragraphs (1 through 12). This sequence has another paragraph 9. This second paragraph 9 states: "The parties agree that any litigation arising out of this Agreement shall be filed only in the Court having jurisdiction in the County in which the INSPECTOR has its principal place of business."

So there are both a venue selection clause and a forum selection clause in this document.

The plaintiffs' Complaint alleges that the defendant Setchell resides in Maine, Compl. ¶ 2 (ECF No. 1), and that 5 TIDES is a limited liability company with its principal place of business in Maine, id. ¶ 3. It does not allege a County for either defendant. The Complaint also asserts that the two defendants maintain a website at https://5tidesinspections.com. Id. ¶ 4.

The two home inspection defendants filed their motion to dismiss for failure to state a claim, asserting that the principal place of business for both is in Kennebec County, Maine, and therefore that this court has no jurisdiction on account of the venue and forum selection clauses.

## ANALYSIS

Confronted with a 12(b)(6) motion, a court can consider "documents expressly incorporated into the complaint and documents the authenticity of which is not disputed by the parties, official public records, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint." Nicholson v. Prudential Ins. Co. of Am., 235 F. Supp. 2d 22, 26 n.2 (D. Me. 2003). Exhibit D is therefore an eligible document. The defendants argue that because the Complaint refers to a website, I can also refer to that website and determine

that their principal place of business is in Kennebec County. They argue: "The website contains contact information including 5 Tides['s] address at P.O. Box 21, South Gardiner, ME 04359. South Gardiner is in Kennebec County, Maine." Mot. to Dismiss at p. 2-3 (ECF No. 17). But a contact post office box address on a website is no evidence at all of where either of the two defendants maintains a principal place of business, which—for legal and jurisdictional purposes—has long been defined as the entity's "nerve center" (*i.e.*, the location responsible for coordinating the business). See, e.g., Hertz. Corp. v. Friend, 599 U.S. 77, 92 (2010). Even if their contract document uses the phrase "principal place of business" more colloquially, a post office box contact site on a website does not qualify. Maybe in fact the principal place of business for each is in Kennebec County, but the current record does not permit me to accept that assertion.

Moreover, even if it is Kennebec County, that fact will not make the forum selection clause (the second paragraph 9) applicable in the way defendants wish. That clause provides that "any litigation . . . shall be filed only in the Court having jurisdiction in the County in which the INSPECTOR has its principal place of business." Compl. Ex. D at p. 4. This federal court for the District of Maine has jurisdiction in Kennebec County, Maine. This federal forum therefore satisfies the second paragraph 9.

The defendants say that Fornaro v. RMC/Resource Mg. Co., 201 Fed. Appx. 783 (1st Cir. 2006), stands for the contrary conclusion. Fornaro was a case where the forum selection clause stated: "The jurisdiction of any lawsuits related to or arising out of this contract will be in the courts of Carroll County, New Hampshire." Id. at 783. The First Circuit said that phraseology—"the

4

courts of Carroll County, New Hampshire"—was "at best, a strained way to describe the federal court and one that we do not accept as a reasonable interpretation. It is far more likely that the parties intended the phrase 'courts of Carroll County, New Hampshire' to mean the courts that trace their origin to the state, *i.e.*, the Carroll County, New Hampshire state courts, of which there are the Carroll County Superior Court and two District Courts . . . ." Id. at 784. The phraseology in this case is quite different, requiring only that "the Court" in which the lawsuit is filed have jurisdiction in the appropriate county, which this federal court does.[1]

But if the record eventually establishes that the principal place of business for both defendants is in fact Kennebec County, the *first* paragraph 9 may give them—or at least the defendant to whom it refers ("us, the INSPECTOR")—the relief they seek. See Compl. Ex. D. at p. 2. It is an "exclusive venue" clause, and it says that any litigation "shall be in the county where we have our principal place of business." Litigation in this federal court will be in either Bangor or Portland, neither of which is in Kennebec County. Although the parties have not

---

[1] The other cases the defendants cite likewise have significantly different language in their forum selection clauses. In LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp., 739 F.2d 4 (1st Cir. 1984), the forum selection clause language provided that "the rights and liabilities of the parties hereto [shall be] determined, in accordance with the law, and in the courts, of the Commonwealth of Massachusetts." Id. at 6. The First Circuit "deduce[d] that the phrase in question was intended to mean that all actions on this contract must be brought in the Massachusetts state courts." Id. at 7. That language is quite different from the forum selection clause here. Similarly, Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9 (1st Cir. 2001), dealt with forum selection language directing that if arbitration was not chosen, the dispute must be "submitted to the Courts of the State of New York." Id. at 11. The court had no difficulty concluding that language meant New York state courts. Id. at 12. That was language very different from that at issue here. Likewise, a case cited by the plaintiffs, Huhtamaki Co. Mfg. v. CKF, Inc., 648 F. Supp. 2d 167, 180 (D. Me. 2009), had materially different language, and the Magistrate Judge understandably concluded that "the reference to the 'Courts of Maine' is a literal and unambiguous reference to the Maine state courts and does not reasonably extend to courts of the United States," R&R aff'd, id. at 169.

5

cited and I have not found First Circuit cases on a county-exclusive venue clause like this, there are plenty of cases from other circuits. Generally, they hold that in the presence of a county-exclusive venue clause, a federal court can hear the case if and only if there is a federal courthouse *in that county.* See, e.g., Bartels by & through Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 674 (4th Cir. 2018) (where the venue clause specified Franklin County, North Carolina, and there was no federal courthouse in Franklin County, case must proceed in state court located there); Cornett v. Carrithers, 465 F. App'x 841 (11th Cir. 2012) (where the venue clause specified Suwannee County, Florida, and there was no federal courthouse in Suwannee County, case must proceed in state court located there); Yakin v. Tyler Hill Corp., 566 F.3d 72 (2d Cir. 2009) (where venue clause specified Nassau County, New York, and at the time of litigation there was no federal courthouse in Nassau County, case must proceed in state court located there); Collin County v. Siemens Business Services, Inc., 250 F. App'x 45 (5th Cir. 2007) (where venue clause specified Collin County, Texas and there was no federal courthouse in Collin County, case must proceed in state court located there); Argyll Equities LLC v. Paolino, 211 F. App'x 317 (5th Cir. 2006) (where venue clause specified Kendall County, Texas and there was no federal courthouse in Kendall County, case must proceed in state court located there); Wall St. Aubrey Golf, LLC v. Aubrey, 189 F. App'x 82 (3d Cir. 2006) (where venue clause specified Butler County, Pennsylvania, and there was no federal courthouse in Butler County, case must proceed in state court located there); Global Satellite Comm. Co. v. Starmill U.K., Ltd., 378 F.3d 1269 (11th Cir. 2004) (where clause specified Broward County, Florida, and there *was* a federal

courthouse located there, case could proceed in either state or federal court). But cf. Mosaic Fertilizer, LLC v. Van Fleet Int'l Airport Devt Group, LLC, 486 F. App'x 869 (11th Cir. 2012) (where venue clause specified "the counties in which the Property is located," the reference was "to the location of the property and not to the type of court" and therefore a federal court with jurisdiction could hear the case even though there was no federal courthouse in that county). See generally David B. Weinstein & Andrew Patch, "Venue-Selection Clauses: A Trap for the Unwary," 88 Florida Bar Journal 2 (2014). I conclude that the county-exclusive venue clause here may require the plaintiffs to pursue either or both of these home inspection defendants in Kennebec County State Court depending upon whether it turns out that Kennebec County is the location of the principal place of business of that particular defendant and whether the first paragraph 9 refers to that defendant.

Finally, the plaintiffs argue that even if one or both of the clauses mandate use of the state courts in Kennebec County, they have made a "strong showing that [they] should be set aside." Pls.' Opp'n at 13 (ECF No. 20) (quoting that language from Carter's of New Bedford, Inc. v. Nike, Inc., 790 F.3d 289, 292 (1st Cir. 2015)). They cite a recent decision by Judge DiClerico in New Hampshire that did just that. Broadus v. Infor, Inc., 2019 WL 1992953 (D.N.H. May 6, 2019). Carter's factors for a "strong showing" are: "(1) the clause is the product of fraud or overreaching; (2) enforcement is unreasonable and unjust; (3) its enforcement would render the proceedings gravely difficult and inconvenient to the point of practical impossibility; or (4) enforcement contravenes 'a strong public policy of the forum in which the suit is brought, whether declared by

statute or judicial decision.'" Id., at *3. Neither factor (1) nor (4) applies here, and the plaintiffs have not established the "strong showing" of factors (2) or (3) as things now stand. But circumstances may change. If I end up enforcing the exclusive venue clause and dismissing one or both of the home inspection defendants, it may well be that other defendants in this lawsuit will bring one or both back into this federal lawsuit as third-party defendants and in that event, on a third-party claim, these two home inspection defendants presumably would not have the benefit of their contractual county-exclusive venue clause. I would then have to reconsider Carter's "strong showing" standard in light of the potential of duplicate and conflicting proceedings.

In the end, this forum/venue dispute is all tactical. It has not escaped me that these defendants who profess to be attached to the courts of Kennebec County have actually engaged a law firm from York County—not one, but three counties away from Kennebec County—to represent them. Counsel for the parties would be well advised to consult, find a forum acceptable to all, and move on to the merits of their dispute.

For all these reasons the motion is **DENIED** on the record as it now stands but without prejudice to its renewal on a proper record.

**SO ORDERED.**

**DATED THIS 27TH DAY OF JUNE, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**